✎ AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

____WESTERN____ District of ____NORTH CAROLINA____

UNITED STATES OF AMERICA
V.
____RIGOBERTO VASQUEZ-MEJIA____
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case     1:09 cr 39

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
   - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
   - ☐ an offense for which the maximum sentence is life imprisonment or death.
   - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
   - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

(1) There is probable cause to believe that the defendant has committed an offense
   - for which a maximum term of imprisonment of ten years or more is prescribed in _____.
   - under 18 U.S.C. § 924(c).

(2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

X (1) There is a serious risk that the defendant will not appear.
☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

SEE ATTACHED ADDENDUM TO DETENTION ORDER

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☐ clear and convincing evidence X a preponderance of the evidence that

SEE ATTACHED ADDENDUM TO DETENTION ORDER

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

_____
Date

*Signature of Judge*
Dennis L. Howell, United States Magistrate Judge
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:09 cr 39

**UNITED STATES OF AMERICA,**

Vs.                                                                                  **ADDENDUM TO**
                                                                                     **DETENTION ORDER**

**RIGOBERTO VASQUEZ-MEJIA.**

_____

**I.   FACTORS CONSIDERED**

**18 U.S.C. § 3142:**

**(g) Factors to be considered.--**The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--

**(1)**  The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

**(2)** the weight of the evidence against the person;

**(3)**  the history and characteristics of the person, including--

   **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

   **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

**(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

## II. FINDINGS

**As to factor:**

**(g)(1):** The nature and circumstances of the offense charged involve a charge that the defendant is an alien and he entered the United States after being deported and subsequent to a conviction for the commission of an aggravated felony in violation of 8 U.S.C. § 1326(a) & (b)(2).

**(g)(2):** The weight of the evidence against the person appears to be at the level of probable cause. The only evidence presented as to this issue was the bill of indictment.

**(g)(3):** The history and characteristics of the person

(A) Family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court appearances indicate that the defendant has family ties, including his mother and father, four siblings, a wife and two minor children residing in the country of Mexico. The defendant was employed three months ago in Asheville, NC working as a carpenter. The defendant does not have financial resources and he does not have a length of residence in the community. In regard to the defendant's criminal history, the defendant has the following convictions:

| Offense | Conviction Date |
|---|---|
| Transportation of illegal aliens, U.S. District Court, TX | 05/22/03 |
| Driving while impaired and no operators license, NC | 05/04/09 |

The defendant's record concerning appearance at court appearances shows that the defendant failed to appear in regard to the charge of no operators license in Wayne County, NC on March 9, 2006.

(B) At the time of the current offense or arrest, the defendant was on probation, parole or other release pending trial, sentencing, appeal or completion of sentence. It appears that this factor does exist. The defendant, at the time of his arrest, had been placed on unsupervised probation in Henderson County, NC for the crime of driving while impaired.

**(g)(4):** The nature and seriousness of the danger to any person or the community that would be posed by the person's release indicate that the release of the defendant would not create a risk of harm or danger to any other person or the community. There has not been evidence presented from which the undersigned could find by clear and convincing evidence that the release of the defendant would create a risk of harm or danger to any other person or the community.

There has been evidence that has been presented that shows by a preponderance of the evidence that the release of the defendant would create a risk of flight on his part. The defendant has few ties in the Western District of North Carolina. All of his family ties are in the country of Mexico, including his wife and two minor children. The charges against the defendant could result in a term of imprisonment not in excess of 20 years. As a result of these findings, the undersigned is convinced by a preponderance of the evidence that the release of the defendant would create a risk of flight on his part and the undersigned has determined to enter an order detaining the defendant.

**WHEREFORE**, it is **ORDERED** that the defendant be detained pending further proceedings in this matter.

Signed: May 29, 2009

Dennis L. Howell
United States Magistrate Judge